**Eddie Bowlin AVERY, Plaintiff–Appellant,**

**v.**

**Tony KING, individually and in his official capacity as Special Agent, Drug Enforcement Administration, United States Department of Justice, Defendant–Appellee.**

No. 96–5282.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1997.

Decided April 1, 1997.

Daniel T. Taylor, III (argued and briefed), Louisville, KY, for Plaintiff–Appellant.

Terry M. Cushing, Asst. U.S. Attorney, Richard A. Dennis, Asst. U.S. Attorney (argued and briefed), Louisville, KY, for Defendant–Appellee.

Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.

BATCHELDER, Circuit Judge.

Plaintiff Eddie Bowlin Avery appeals the district court's grant of summary judgment in favor of defendant Tony King in this action involving allegations of unlawful arrest and imprisonment. On appeal, the plaintiff

argues that the defendant was not entitled to qualified immunity because the defendant unlawfully arrested her without probable cause. Finding that the district court properly concluded that the existence of probable cause for a related offense excused the lack of probable cause for the offense charged, we **AFFIRM** the judgment of the district court.

## I.

The facts are undisputed.[1] On February 17, 1994, the Drug Enforcement Agency ("DEA") and the Kentucky State Police executed a search warrant at the John Paul Avery compound in Albany, Kentucky. The plaintiff, Mrs. Avery, was part-owner of the Avery property. The warrant authorized the search for a large underground indoor marijuana farm. Defendant King was one of the DEA Special Agents who executed the search warrant.

During the execution of the search warrant, the plaintiff drove up to the property, stopped and got out of the car, and began speaking with officers and agents. She told the officers that "they had no right to be on her property" and that "no one could tell her what to do because she was the owner of the property." Officer King advised the plaintiff that they were executing a federal search warrant and requested that she leave the area, which plaintiff refused to do.

Because the officers had not yet secured the area to be searched, Officer King was concerned that the plaintiff might pose a danger to the officers on the scene as a result of her "highly agitated emotional condition." Consequently, Officer King repeatedly asked the plaintiff to leave the area, but the plaintiff continually refused and became more agitated, insulting and verbally abusive towards the officers. Officer King notified the plaintiff that there were persons present who were under arrest whom the officers were attempting to interview and that if she continued her actions she would be placed under arrest for interfering with the execution of a federal search warrant.

The plaintiff held out her hands and said "arrest me." Officer King obliged, arresting her pursuant to 18 U.S.C. § 111(a)(1), which makes it unlawful to forcibly assault, resist, or impede law enforcement officers in the administration of justice.

As a result of this incident, the plaintiff brought this *Bivens* action, claiming violations of her First, Fourth, Fifth, and Eight Amendment rights. She also alleged various state law claims. The district court granted defendant summary judgment on every claim.

On appeal, the plaintiff challenges the district court's ruling granting summary judgment to the defendant on qualified immunity grounds on plaintiff's Fourth Amendment claim. The district court concluded that Officer King lacked probable cause to arrest plaintiff under the offense charged, 18 U.S.C. § 111, but that the officer was entitled to qualified immunity because probable cause to arrest the plaintiff existed under the lesser-included offense of 18 U.S.C. § 1501. The plaintiff contends that the defendant is not entitled to qualified immunity because there was a lack of probable cause for her arrest under either 18 U.S.C. § 111 or 18 U.S.C. § 1501.

## II.

### A.

We review *de novo* an order granting summary judgment, using the same test as that used by the district court. *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996). When reviewing a summary judgment decision, we must confine our review of the evidence to that submitted to the district court. *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1181 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

1. The district court properly noted that, for purposes of summary judgment, the events of February 17, 1994, are undisputed because the defendant submitted affidavit evidence on the record of the events leading to the arrest while the plaintiff failed to submit any evidence disputing the characterization of the events.

matter of law." FED.R.CIV.P. 56(c); *Terry Barr Sales Agency, Inc.*, 96 F.3d at 178.

**B.**

The plaintiff claims that the defendant is not entitled to qualified immunity because he arrested her without probable cause in violation of the Fourth Amendment. We disagree.

"Government officials performing discretionary functions are afforded qualified immunity, shielding them from civil damages, as long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Poe v. Haydon*, 853 F.2d 418, 423 (6th Cir.1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Therefore, Officer King was entitled to qualified immunity if " 'a reasonable officer could have believed [Avery's arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.'" *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987)). In other words, the defendant is entitled to qualified immunity if a "reasonable officer could have believed that probable cause existed to arrest [Avery]." *Hunter*, 502 U.S. at 228, 112 S.Ct. at 537.

██ Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were "sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Several of our sister circuits have expressly held that even where there is no probable cause to arrest the plaintiff for the crime charged, proof of probable cause to arrest the plaintiff for a related offense is also a defense which may entitle the arresting officer to qualified immunity. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1990) (referring to *Trejo v. Perez*, 693

F.2d 482, 485 (5th Cir.1982)); *see also Biddle v. Martin*, 992 F.2d 673 (7th Cir.1993); *United States v. Rambo*, 789 F.2d 1289 (8th Cir. 1986). In this regard, the Fifth Circuit explained that:

A police officer need not actually have had the crime for which probable cause existed in mind at the time of the arrest; rather, the question is "whether the conduct that served as the basis for the charge for which there was no probable cause could, in the eyes of a similarly situated reasonable officer, also have served as the basis for a charge for which there was probable cause."

*Gassner v. Garland*, 864 F.2d 394, 398 (5th Cir.1989) (citing *Trejo*, 693 F.2d at 486). We think that the reasoning of these cases is sound.

██ In the present case, the parties do not dispute the district court's finding that no probable cause existed under 18 U.S.C. § 111 to arrest the plaintiff, because the plaintiff did not use force or threat of force as required by the statute.[2] However, the plaintiff challenges the district court's finding that probable cause for her arrest existed under 18 U.S.C. § 1501. In order for § 1501 to serve as justification for the arrest, we must first determine whether § 1501 is "in some fashion related" to the offense charged. *Gassner*, 864 F.2d at 398.

Title 18 U.S.C. § 1501 provides, in relevant part:

Whoever knowingly and willfully obstructs, resists, or opposes any officer of the United States or other personally authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States, or United States commissioner [magistrate] ... shall, except as otherwise provided by law, be fined not more than $300 or imprisoned no more than one year, or both.

Because § 1501 does not require the use of force or threat of force in connection with acts of obstruction, resistance or opposition to the execution of a search warrant, it is a

---

**2.** Title 18 U.S.C. § 111 punishes by fine or imprisonment, or both, anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or

interferes with a [federal officer] engaged in or on account of his performance of his official duties." *Id.*

lesser-included offense of 18 U.S.C. § 111. *See United States v. Moore,* 958 F.2d 646, 650 (5th Cir.1992); *United States v. Giampino,* 680 F.2d 898, 902 (2d Cir.1982). Given that every element to establish plaintiff's violation of § 1501 is also essential for establishment of a violation of § 111, we conclude that § 1501 is sufficiently related to the offense charged to be offered as justification for the plaintiff's arrest. Hence, the district court did not commit error in referring to 18 U.S.C. § 1501 to determine probable cause for plaintiff's arrest.

Next, we must determine whether the facts in this case would have justified a reasonable officer's belief that he had probable cause to arrest plaintiff under § 1501. The facts indicate that the law enforcement officials, pursuant to a warrant, were conducting a search of an area in which they reasonably expected to find or had already discovered an underground marijuana growing operation. At the time the plaintiff arrived on the scene and began her confrontational activity, the search area had not yet been secured and there was reasonable concern for the safety of the officers. The plaintiff was in an highly agitated and emotional condition and refused to leave the area after being asked many times to do so. She became increasingly insulting and verbally abusive towards the officers while the officers attempted to interview other people on the scene. Based on these facts, a reasonable law officer could have concluded that probable cause existed to arrest plaintiff for interfering with the execution of a search warrant pursuant to 18 U.S.C. § 1501. Accordingly, the district court properly held that the defendant was entitled to qualified immunity.

We **AFFIRM** the district court's order granting summary judgment to defendant.