Filed:  January 31, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 01-6393
(CA-99-786-9)

William G. Harden,

                                        Plaintiff - Appellant,

        versus

Michael S. Green, et al.,

                                        Defendants - Appellees.

O R D E R

The  court  amends  its  opinion  filed  November  19,  2002,  as follows:

On the cover sheet, section 3, line 2 -- the district court is corrected to read "the District of South Carolina, at Beaufort."

                                For the Court - By Direction


                                /s/ Patricia S. Connor
                                        Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

WILLIAM G. HARDEN,
Plaintiff-Appellant,

v.

MICHAEL S. GREEN, MD; EMSA

CORRECTIONAL CARE; HUGH G.
HARRIS, MD; JAMES K. WOLFSON,
MD,
Defendants-Appellees.

No. 01-6393

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Matthew J. Perry, Jr., Senior District Judge.
(CA-99-786-9)

Submitted: October 31, 2001

Decided: November 19, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

COUNSEL

William G. Harden, Appellant Pro Se. Charles Elford Carpenter, Jr.,
S. Elizabeth Brosnan, William Curry McDow, RICHARDSON,
PLOWDEN, CARPENTER & ROBINSON, Columbia, South Caro-
lina; Weldon R. Johnson, Andrea C. Pope, BARNES, ALFORD,

STORK & JOHNSON, Columbia, South Carolina; James Boyce
Pressly, Jr., HAYNESWORTH SINKLER BOYD, P.A., Greenville,
South Carolina; Barbara Murcier Bowens, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

William G. Harden appeals the district court's order granting sum-
mary judgment to Defendants in his 42 U.S.C.A. § 1983 (West Supp.
2001) suit, which named as defendants EMSA Correctional Care;
Michael S. Green, M.D.; Hugh G. Harris, M.D.; and James K. Wolf-
son, M.D. In his complaint, Harden alleged violation of his civil
rights due to EMSA's, Green's, and Harris's failure to adequately
treat his broken arm after surgery and Wolfson's overbroad compe-
tency report.

On appeal, Harden first contends that the district court erred in
refusing to appoint him counsel. A district court abuses its discretion
if it fails to appoint counsel when exceptional circumstances exist.
Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). The existence
of exceptional circumstances depends on the complexity of the case,
and the ability of the prisoner to present it. Id. A review of the record
indicates that this case is not extremely complex and that Harden was
able to adequately present his case, as demonstrated by his numerous
and lengthy motions and exhibits. Thus, the district court did not
abuse its discretion by denying Harden's motions for appointment of
counsel.

Harden next contends that the district court improperly denied his
motion to compel entry of a scheduling order under Fed. R. Civ. P.

2

16(b). Because Harden's motion was untimely filed and because he failed to show any harm from the lack of a scheduling order, we find that there was no reversible error.

Harden next challenges the district court's grant of summary judgment. We review grants of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is proper if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether this showing has been made, the factual evidence and all inferences to be drawn therefrom are reviewed in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Finally, summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979).

Prisoners can establish an Eighth Amendment violation with respect to medical care if they can prove that there has been deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component). Wilson v. Seiter, 501 U.S. 294, 298 (1991). With these standards in mind, the various defendants will be addressed in turn.

1. Dr. Green

Harden injured his left wrist and hand while trying to escape from police officers. On March 13, 1997, Green, an orthopedic surgeon, performed surgery (an open reduction and internal fixation) on Harden's wrist, repairing the damage with a plate and screws. Following surgery, Harden was returned to the Lexington County Detention Center, where medical care was provided by EMSA. Harden's prison medical file includes Green's prescriptions for the medications Tylox, Demoral, Lortab, and Phenergan, as well as post-operative instruc-

3

tions for Harden to move his fingers frequently and keep his arm raised.

Harden asserts that Green was deliberately indifferent to his medical needs when Green did not inform him of the necessity to move his fingers following surgery, did not inquire as to whether his prescriptions would be filled at the prison, and did not implement a long-term care plan when Harden was transferred. However, the evidence shows that Green, at the very least, gave the post-operative instructions to the prison medical department. In addition, he prescribed pain medications for Harden and treated him at two post-operative appointments, where he instructed Harden to continue moving his fingers and planned a timeline for removal of Harden's cast. There is no evidence that Green controlled the actions of EMSA, and Green has averred that Harden's type of surgery was routinely handled on an outpatient basis. Thus, Green cannot be responsible for any failure by EMSA to implement his follow-up instructions, and we find that any failure to monitor on Green's part was only negligence, at most. Accordingly, summary judgment was properly granted to Green.

2. <u>Dr. Harris</u>

On April 17, Harden was transferred to a federal prison in Springfield, Missouri, so that he could undergo a competency examination. On April 28, Harris removed Harden's cast and noted stiffness in the fingers and wrist and decreased sensation in the thumb, index, and middle fingers. Harris ordered occupational therapy three times a week for range of motion and strengthening exercises. In addition, Harris instructed Harden to perform stretching and range of motion exercises on his own. Harris followed up with Harden on May 23 and noted improvement, but ordered continued occupational therapy. When Harden was released on June 11, he was instructed to continue with physical therapy, was given a copy of the exercise descriptions, and was given a number to call if he lost the instructions.

Harden asserts that Harris removed his cast a week later than he should have (according to Green's timeline) and failed to ensure that Harden was having therapy three time per week as Harris had prescribed. Harden contends that he only had three therapy sessions in

4

the six weeks he was under Harris's care. However, we find that any wrongdoing on Harris's part was mere negligence, at most.

Although Harden contends that the untimely removal of his cast aggravated his "frozen-fist" syndrome, he submitted no evidence in support of this claim. Instead, the medical records show that Harden's condition improved under Harris's care. Moreover, the evidence is inconclusive as to how many therapy sessions Harden had. In any event, Harris ordered therapy and cannot be held responsible for the prison officials' failure to follow through. Moreover, Harris also instructed Harden how to do his own therapy, thereby mitigating any damage caused by the lack of therapy sessions and weighing against a finding of deliberate indifference. Because there is no evidence that Harris was deliberately indifferent to Harden's medical needs, the district court properly granted summary judgment to Harris.

3. <u>Dr. Wolfson</u>

Harden's claim against Wolfson does not allege deliberate indifference. Instead, Harden makes a claim more akin to denial of access to courts or denial of due process in that he alleges that Wolfson allegedly authored a damaging and overbroad competency evaluation that went beyond the inquiry directed by the district court. However, court-appointed psychiatrists are entitled to absolute judicial and witness immunity for their conduct in completing competency exams and furnishing written reports. <u>Hughes v. Long</u>, 242 F.3d 121, 127-28 (3d Cir. 2001). Thus, the district court correctly granted summary judgment on the claims against Wolfson.

4. <u>EMSA</u>

Harden asserts that EMSA housed him in a "drunk tank" on the floor immediately following surgery, preventing him from elevating his arm. Additionally, EMSA allegedly failed to give him prescribed pain medication for three days and, thereafter, only provided alternative pain medication, rather than that prescribed by Green. In addition, Harden contends that EMSA failed to pass on Green's directions that he should move his fingers and elevate his arm.

5

The first issue (the objective element) is whether Harden was deprived of a serious medical need. The component can be further broken down into two elements: (1) a serious medical need and (2) mistreatment or nontreatment of that need. There is no clear definition of what constitutes a serious medical need. However, the Eighth Amendment embraces the treatment of medical conditions which may cause future health problems. Helling v. McKinney, 509 U.S. 25, 35 (1993). Further, a medical need is serious if it is one that has been diagnosed by a physician or is so obvious that even a layperson would recognize the need for a doctor's treatment. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

Here, Harden had a broken wrist repaired with a plate and screws. His surgeon prescribed elevation, moving the fingers, and potent painkillers. Harden alleges that EMSA did not provide him with his medicine and failed to inform him of the surgeon's other directions. As a result, Harden alleges that he suffered terrible pain and that his hand is permanently deformed and his use of it has been seriously diminished. The medical records support Harden's allegations of stiffness and reduced range of motion. Accordingly, we find that Harden has properly alleged that he had a serious medical need following surgery.

The objective element also requires Harden to prove that his serious medical need was not timely or properly treated. Harden contends that the delay in treatment exacerbated his condition and caused him excruciating pain. Harden's medical records show that he complained of pain and requested medication. EMSA admits to some delay in giving Harden pain killers and to administering different medication than Green prescribed. There are conflicting accounts in the record as to how Harden was housed, and EMSA has been silent as to whether it relayed Green's other orders to Harden. Nonetheless, even focusing only on Harden's pain, Harden's sworn assertions that EMSA withheld pain medication for three days satisfied his burden as to the objective component of a deliberate indifference suit. See, e.g., Cooper v. Schriro, 189 F.3d 781, 783-84 (8th Cir. 1999) (delaying treatment for painful dental problems); Brice v. Virginia Beach Correctional Ctr., 58 F.3d 101, 104-05 (4th Cir. 1995) (four hours of trauma and pain due to injured jaw was a serious medical need);

6

Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (pain from hernia was serious medical need).

The subjective element requires a showing that the defendant's actions were wanton. The standard for wantonness depends upon the circumstance of the case. Wilson, 501 U.S. at 302-03. Deliberate indifference requires, at a minimum, that the defendant thought about the matter and chose to ignore it. It may appear when prison officials deny, delay, or intentionally interfere with medical treatment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Harden avers that he requested pain medication often, but received none for three days, causing terrible pain. EMSA does not specifically deny this assertion but claims only that Harden was eventually given pain medication, although not the type prescribed by Green. In addition, Harden's prison medical records do not reflect that EMSA ever told him the importance of moving his fingers, as instructed by Green. Viewing the evidence in the light most favorable to Harden, we find that the evidence can fairly support a claim that EMSA was aware of Harden's pain and recovery needs, but unreasonably delayed or withheld treatment.

However, Harden has not made his allegations specific to the actions of individual employees of EMSA. The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). However, where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed, and direct or permit amendment of the pleadings to bring that person or persons before the court. Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978); see also Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (pro se plaintiff should be given an opportunity to particularize a potentially viable claim).

Based on the foregoing, we affirm the district court's denial of Harden's motions for counsel and for a scheduling order; affirm the dis-

7

trict court's grant of summary judgment in favor of Drs. Green, Harris, and Wolfson; vacate the grant of summary judgment to EMSA; and remand for further proceedings and the opportunity for Harden to amend his complaint. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

8