**Craig Arthur BENHAM,
Plaintiff–Appellant,**

v.

**Wesley PRIEST, in his personal and official capacity, jointly and separately, et al., Defendants–Appellees.**

**No. 01–2360.**

United States Court of Appeals,
Sixth Circuit.

April 30, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; LAWSON, District Judge.*

## ORDER

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking millions of dollars in damages and injunctive relief, Craig Benham sued several employees of the Michigan Department of Corrections Lakeland Correctional Facility (LCF) in their personal and official capacities. Benham is a self-professed witch (or warlock), and he wishes to worship according to the tenets of witchcraft ("Wiccan" religion). Benham claimed that the defendants violated his constitutionally protected right to freely practice his religion. The district court dismissed without prejudice several of Benham's claims for failure to properly exhaust his administrative remedies. The district court also dismissed several of the original defendants for Benham's failure to state a claim against them. The district court allowed the matter to proceed against LCF's chaplain (Wesley Priest) and former librarian (James Jondrow) on Benham's claims that: 1) without his knowledge, Jondrow gave his religious materials to Priest, who subsequently withheld those materials from him; and 2) Jondrow and Priest failed to deliver to him his religious mail concerning his continuing education in the field of metaphysical theology.

The defendants moved the court for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively for summary judgment pursuant to Fed.R.Civ.P. 56(b). The magistrate judge recommended that defendants' motion be granted. The district court adopted the magistrate judge's report and recommendation over the objections from the parties.

In his timely appeal, Benham essentially reasserts the claims that he set forth in the district court. While his appeal was pending, Benham moved this court for a preliminary injunction.

Whether the district court properly dismissed a suit pursuant to Fed.R.Civ.P.

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

12(b)(6) is a question of law subject to de novo review. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.* Similarly, this court reviews de novo a district court's grant of summary judgment. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1472 (6th Cir.1988). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Avery v. King,* 110 F.3d 12, 13–14 (6th Cir.1997). The moving party is entitled to judgment as a matter of law where, after adequate time for discovery, the nonmoving party fails to establish the existence of an element essential to its case and on which that party would bear the burden at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Accordingly, we hereby deny Benham's motion for a preliminary injunction and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's comprehensive and well-reasoned report and recommendation of August 15, 2001, as adopted by the district court in its judgment of September 20, 2001.