**Marian MEREDITH, Plaintiff–Appellant,**

v.

**VANDERBILT UNIVERSITY MEDICAL CENTER, Defendant–Appellee.**

**No. 01–6411.**

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; HOOD, District Judge.*

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Marian Meredith, a Missouri litigant proceeding pro se, appeals a district court judgment dismissing her civil complaint brought under the authority of diversity jurisdiction. *See* 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this action are adequately set forth in the district court's memorandum entered October 2, 2001, and will not be repeated herein. Suffice it to say that Meredith has sued Vanderbilt University Medical Center ("Vanderbilt") for a single claim for breach of contract, alleging that the hospital breached its settlement agreement with Meredith by giving her new employer a negative employment recommendation. Meredith sought unspecified compensatory and punitive damages, attorney fees, and costs.

Vanderbilt moved for summary judgment. The district court granted Vanderbilt's motion. In her timely appeal, Meredith argues that the district court erred by finding that she introduced insufficient evidence that Vanderbilt breached the settlement agreement.

We review *de novo* the district court's grant of summary judgment. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Avery v. King*, 110 F.3d 12, 13–14 (6th Cir.1997).

Upon review, we conclude that summary judgment for Vanderbilt was proper. It is undisputed that the time, circumstances, contents, and spokesman of the alleged negative comment is unknown. As pointed out by the district court, Meredith's claim is based solely on her own self-serving statement that, in December of 1998, Welker told her that one of the four reasons that he was putting her on probation was that Vanderbilt had given Barnes Hospital a bad reference regarding Meredith. Meredith's sole bald statement constitutes inadmissible hearsay, if not compound hearsay. Where a party offers an out of court statement to prove a matter directly (*e.g.*, "Mr. Welker told me that Vanderbilt committed the act," when the issue is whether Vanderbilt committed the act), the statement is hearsay and must be excluded. A court cannot rely on unsworn inadmissible hearsay when ruling on a summary judgment motion. *See* Fed. R.Civ.P. 56(e); *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir.1993).

In sum, Meredith presented no admissible evidence that Vanderbilt breached the settlement agreement. Because there were no material facts in issue, Vanderbilt was entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.