**Rev. Danny THOMAS, Plaintiff–
Appellant,**

v.

**Dr. Robert COBLE and Corrections
Corporation of America,
Defendants–Appellees.**

No. 02–5799.

United States Court of Appeals,
Sixth Circuit.

Feb. 11, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and ECONOMUS,
District Judge.*

*ORDER*

Danny Thomas, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Thomas sued Dr. Robert Coble and the Corrections Corporation of America (CCA). CCA operates the South Central Correctional Facility (SCCF), and employs Dr. Coble as a physician there. Thomas alleged that Dr. Coble was deliberately indifferent to his serious medical needs when he refused to treat him for his severe back pain and that CCA ignored his complaints and suffering. CCA filed a motion to dismiss, and Dr. Coble and Thomas filed cross-motions for summary judgment. The magistrate judge recommended granting CCA's and Dr. Coble's motions and denying Thomas's motion. The district court adopted the magistrate judge's report and recommendation over Thomas's objections and dismissed the case. The court held that CCA could not be liable to Thomas because it was not directly involved in his treatment and there was no CCA policy or custom involved. The court held that Dr. Coble was entitled to summary judgment because Thomas's allegations amounted to only a difference of opinion concerning his medical care.

In his timely appeal, Thomas argues that the district court erred by granting CCA's motion to dismiss and Dr. Coble's motion for summary judgment.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). De novo review is also the standard of review of a district court's summary judgment decision. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000).

Upon review, we first conclude that the district court properly dismissed Thomas's allegations against CCA for failure to state a claim. A private corporation that performs the traditional state function of operating a prison acts under the color of state law for purposes of § 1983. *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). However, § 1983 liability can-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District    of Ohio sitting by designation.

not be imposed solely upon the basis of respondeat superior. *Id.* at 817–18; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir.1995). The plaintiff must plead and prove an injury caused by an action taken pursuant to some official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor*, 69 F.3d at 80–81. In this case, Thomas did not allege that his medical treatment, or lack thereof, was the result of any policy or custom of CCA. Accordingly, he has no claim against the corporation.

We also conclude that the district court properly granted summary judgment to Dr. Coble. Thomas alleged that Dr. Coble forced him to suffer excruciating pain for five to six months by denying him effective pain medication and treatment for his back pain and kidney stones. However, Thomas presented no evidence that Dr. Coble was deliberately indifferent to his medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The undisputed evidence shows that Dr. Coble responded to Thomas's complaints, prescribed him pain relievers, and recommended tests and treatments. Although Thomas alleged that Dr. Coble refused to treat him out of personal animosity, he presented no evidence to support this claim. Moreover, Thomas caused some of the delay in treatment because he refused to follow Dr. Coble's recommendations. Thomas and Dr. Coble clearly disagreed over the preferred medication to treat Thomas's pain. However, this difference of opinion does not support an Eighth Amendment claim. *See id.* at 107. Thomas received medical attention and merely disputes the adequacy of the treatment. The district court properly declined to second-guess Dr. Coble's medical judgment. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Thomas had no claim against CCA, and he did not present evidence that Dr. Coble was deliberately indifferent to his serious medical needs. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.