**Todd Edward EDMONDS,**
**Petitioner–Appellant,**

v.

**ROBBINS, Doctor; Horton, Chief,**
**Respondent–Appellees.**

No. 02–6556.

United States Court of Appeals,
Sixth Circuit.

June 11, 2003.

Before KEITH, MOORE, and GIBBONS, Circuit Judges.

### ORDER

Todd Edward Edmonds, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Edmonds sued Dr. Robbins, a physician at the Jefferson County (Kentucky) jail and Chief Horton, the chief of corrections of the jail. Edmonds's action concerns the treatment he is receiving for his hepatitis C. The district court noted that Edmonds had his liver enzymes tested on a monthly basis. The record shows that when Edmonds had swelling in the abdomen and discomfort, he was sent to the hospital where further testing indicated that medi-

cation was not warranted. As Edmonds was examined on a monthly basis for his condition and because his dispute with Dr. Robbins concerned the method of his treatment, the district court found that Edmonds was not subjected to cruel and unusual punishment under the Eighth Amendment. Therefore, the district court dismissed the complaint as meritless.

In his timely appeal, Edmonds states that he should have been given the opportunity to engage in discovery to prove his case and that his numerous symptoms establish ongoing liver disease. Edmonds states that treatment of his condition could have stopped the progression of the disease.

Initially, it is noted that Edmonds raised a retaliation claim in an amendment to his complaint. The district court dismissed the allegation as meritless. Edmonds does not raise his retaliation claim on appeal. Therefore, the argument is deemed abandoned and not reviewable. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991). The district court also dismissed Edmonds's Eighth Amendment allegation against Horton as Edmonds had failed to allege how Horton had personally violated his Eighth Amendment rights. Edmonds's claim against Horton is also deemed abandoned as Edmonds's brief focuses on the treatment he received from Dr. Robbins. *Id.*

Edmonds failed to state a claim under the Eighth Amendment. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim

requires that the pain be serious. *Id.* at 298. The Supreme Court addressed the objective component in *Rhodes v. Chapman*, 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Wilson*, 501 U.S. at 302. The subjective component provides that the offending conduct be wanton. Further, a difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim. *Estelle*, 429 U.S. at 107.

The record establishes that Dr. Robbins saw Edmonds on a monthly basis. Dr. Robbins feels that at this time, Edmonds's condition does not warrant medication. This conclusion is supported by hospital personnel. Furthermore, the medical literature which Edmonds filed with the court also establishes that medication is not always required for the treatment of hepatitis C. As Dr. Robbins is testing Edmonds on a monthly basis and Edmonds is receiving emergency care when necessary, Edmonds has not established that Dr. Robbins is subjecting him to cruel and unusual punishment.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.