Donald OWENS, Plaintiff–Appellant,

v.

Dr. HUTCHINSON, et al., Defendants–Appellees.

No. 03–1402.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

### ORDER

Donald Owens, a Michigan prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Owens sued the Director of Correctional Medical Services ("CMS") (Dr. Hutchinson), an employee of CMS (Dr. Campbell), and an administrative employee of the Michigan Department of Corrections (Nicholas A. Powell) in their individual capacities. Owens alleged that the defendants violated his Eighth Amendment right to adequate medical care by failing to treat his hepatitis C virus with Imferon and Ribavirin. His claim against defendant Powell involves the denial of his Step III grievance. In an opinion filed June 17, 2002, the district court dismissed Owens's claims against defendant Powell for failure to state a claim upon which relief may be granted.

Thereafter, Owens moved for summary judgment. Defendants Hutchinson and Campbell also moved for summary judgment, asserting that their treatment decision is consistent with guidelines established by the National Institute of Health. In the report and recommendation filed January 31, 2003, the magistrate judge recommended that summary judgment be granted for the defendants. The district court adopted the magistrate judge's report and recommendation over Owens's objections. This appeal followed.

Upon review, we affirm the judgment of the district court. This court reviews *de novo* a district court's grant of summary judgment, using the same test as that used by the district court. *See Avery v. King*, 110 F.3d 12, 13 (6th Cir.1997). Thus, "[s]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at 13–14 (quoting Fed.R.Civ.P. 56(c)). "The court draws all reasonable inferences in favor of the non-moving party. [citation omitted] This court recognizes, however, that 'the mere existence of a scintilla of evidence in support of [a party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [party].'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Owens does not challenge on appeal the district court's dismissal of his claim against defendant Powell. Therefore, that claim is considered to be abandoned and is not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

The Eighth Amendment generally proscribes punishments that are incompatible with the evolving standards of society or that involve the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). If the challenged conduct does not involve a criminal penalty, a viable Eighth Amendment claim includes both objective and subjective components: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the defendant prison officials must have a "sufficiently culpable state of mind." *See Farmer v. Brennan*, 511 U.S. 825, 834, 114

S.Ct. 1970, 128 L.Ed.2d 811 (1994). The subjective component requires the plaintiff to show that the defendants acted with deliberate indifference or recklessness, i.e., with more than mere negligence. *See id.* at 835–36, 114 S.Ct. 1970; *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995). In the context of a § 1983 claim for inadequate medical care, these objective and subjective components may be established where the prisoner shows that prison personnel are deliberately indifferent to the prisoner's serious medical needs. *See Estelle,* 429 U.S. at 104–06, 97 S.Ct. 285.

Owens has adequately alleged that he suffered from an objectively serious medical condition—hepatitis C virus. However, the affidavits and medical records submitted along with the defendants' motion for summary judgment establish that the defendants have not been deliberately indifferent to this condition. A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim. *See Street v. Corrections Corp. of America,* 102 F.3d 810, 816 n. 13 (6th Cir.1996); *Sanderfer,* 62 F.3d at 154–55; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Owens has submitted no evidence that contradicts or otherwise calls into question the defendants' medical assessment or treatment decisions. Owens has failed to rebut the defendants' evidence of a lack of deliberate indifference and, thus, a lack of a genuine issue of material fact for trial. Therefore, the district court properly granted the defendants' motion for summary judgment.

Finally, we note that Owens's complaint also names as a defendant the CMS. Owens's complaint describes the CMS as an entity "under contractual obligation to the Michigan Department of Corrections" by whom defendants Hutchinson and Campbell are employed. Owens's complaint asserts no independent claims against the CMS. Because Owens has produced no evidence that defendants Hutchinson and Campbell acted with the culpable state of mind necessary to impose liability, Owens's claims against the CMS also fail.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.