**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0609n.06**
**Filed: August 22, 2006**

**No. 05-5814**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

_____

|  |  |
|---|---|
| ) | |
| RANDY HIX, ) | |
| ) | |
| Plaintiff-Appellant, ) | **ON APPEAL** FROM THE |
| ) | UNITED STATES DISTRICT |
| –vs.– ) | COURT FOR THE MIDDLE |
| ) | DISTRICT OF TENNESSEE |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, ET AL., ) | **O P I N I O N** |
| ) | |
| Defendants-Appellees. ) | |

_____)

**Before: BATCHELDER and McKEAGUE, Circuit Judges; and ACKERMAN, District Judge.**[*]

**HAROLD A. ACKERMAN, Senior District Judge.** *Pro se* Appellant Randy Hix

appeals from an order of the District Court for the Middle District of Tennessee, the Honorable

William J. Haynes, Jr., dismissing his civil rights Complaint under 42 U.S.C. § 1983 in part as

frivolous and otherwise for failure to state a claim. Because we find that Hix's *pro se* Complaint

fails to state a claim on which relief may be granted, we AFFIRM.

## I. Background

Hix is a Tennessee prisoner presently incarcerated at the Riverbend Maximum Security

_____

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

1

Institution ("RMSI") in Nashville, Tennessee.  Proceeding *in forma pauperis*, Hix filed a

Complaint in the District Court on April 28, 2003, alleging several claims under § 1983.  The

Complaint named numerous individual and institutional defendants, including the Tennessee

Department of Corrections ("TDOC") and various TDOC officials, wardens and doctors at four

separate TDOC facilities in which Hix has been incarcerated since October 2002, the medical

departments of those facilities, and an unspecified number of unidentified and unnamed private

physicians (collectively, "Defendants").

Hix alleged that sometime prior to October 2002, when he began serving his present term

of incarceration, he contracted hepatitis C.  Since his incarceration, he asserted, he made the

serious nature of his condition known to the appropriate administrative and medical personnel at

each TDOC facility in which he has been incarcerated.  He contended that at the first three

TDOC facilities—the Middle Tennessee Reception Center ("MTRC"), the South Central

Correctional Facility ("SCCF"), and the Turney Center Industrial Prison and Farm ("TCIP")—he

was denied treatment for his hepatitis C because the medication was too expensive, and then was

transferred to another prison in retaliation for his filing of grievances relating to his medical care.

Now, he contends that RMSI officials have told him that hepatitis C medication is no longer

administered to inmates because on two prior occasions it caused inmates "to go off" on prison

staff.  Having allegedly received no medical treatment for his hepatitis C since being

incarcerated, Hix filed this civil rights action seeking miscellaneous discovery and monetary and

injunctive relief.

The District Court examined Hix's Complaint under the Prison Litigation Reform Act of

2

1995 ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321, 1321-66 to -77 (1996) (codified as amended in scattered sections of 11, 18, 28, and 42 U.S.C.). Under 42 U.S.C. § 1997e(a), a prisoner may not bring a civil rights complaint under § 1983 with respect to prison conditions "until such administrative remedies as are available are exhausted." *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The PLRA also requires district courts to dismiss cases *in forma pauperis* that are frivolous or malicious, or that fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The District Court found that dismissal without prejudice for failure to exhaust administrative remedies was warranted because Hix failed to prove that he had exhausted his administrative remedies at the first three TDOC facilities in which he had been incarcerated. However, the District Court stopped short of dismissing on those grounds, and instead examined whether dismissal with prejudice was warranted under 28 U.S.C. § 1915(e)(2).

The District Court dismissed Hix's claim against the TDOC, concluding that the TDOC was not a proper defendant in a § 1983 action as a matter of law. With respect to Hix's claims against the wardens at the various facilities in which he had been incarcerated, the District Court found that Hix's allegations lacked sufficient factual specificity to state a claim. Likewise, the District Court found that Hix's claims against various named and unnamed doctors had to be dismissed as frivolous, either because the Complaint contained no allegations with respect to the named doctors, or because prisoner complaints regarding the adequacy of medical treatment provided do not state a claim under the Eighth Amendment. Hix's claims against the medical departments at the various prisons were also frivolous, the District Court found, both because

3

they were conclusory and because the medical departments were not "persons" within the meaning of § 1983. Finally, the District Court dismissed Hix's First Amendment retaliation claim for failure to allege circumstances establishing that the transfer from one prison to another would deter a person of ordinary firmness from exercising his First Amendment rights.

Accordingly, in an April 27, 2005 order and final judgment, the District Court dismissed Hix's Complaint "in part as frivolous and otherwise as failing to state a claim," pursuant to 28 U.S.C. § 1915(e)(2). The District Court also certified that any appeal taken would not be in good faith. *See* 28 U.S.C. § 1915(a)(3). Hix filed timely notice of appeal *pro se* on May 12, 2005. Appellees have exercised their right under 42 U.S.C. § 1997e(g)(1) not to participate in this action.

The United States District Court for the Middle District of Tennessee had subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to hear Hix's timely appeal of the District Court's final judgment pursuant to 28 U.S.C. § 1291.

## II. Analysis

### A. Standard of Review

We review *de novo* a district court's decision to dismiss a prisoner's complaint without prejudice pursuant to 42 U.S.C. § 1997e for failure to exhaust available administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001). Likewise, we review *de novo* a district court's decision to dismiss a complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

In the District Court, as on this appeal, Hix proceeded *pro se*. The Supreme Court has

4

instructed courts to hold *pro se* complaints to less stringent standards than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Allegations in *pro se* pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

**B.     Dismissal of Complaint Without Prejudice for Failure to Exhaust Administrative Remedies**

Although the District Court ultimately did not base its dismissal on Hix's failure to exhaust administrative remedies, it did explain at some length why Hix had failed to satisfy this threshold requirement. *See Brown*, 139 F.3d at 1104 (requiring exhaustion of administrative remedies before a district court may consider the merits of a prisoner's § 1983 action). The District Court found that Hix had demonstrated exhaustion of his administrative remedies only with respect to the claims arising from his incarceration at RMSI. Specifically, he had submitted to the court a copy of the grievance he filed with the RMSI grievance board, as well as records showing that he had appealed the decision of the RMSI grievance board to RMSI's warden and to the TDOC. However, the District Court found that Hix had failed to submit any documentation showing that he had exhausted his administrative remedies at the other TDOC facilities in which his constitutional rights allegedly were denied. Thus, because Hix had failed to establish exhaustion of administrative remedies with respect to all claims in his Complaint, the District Court concluded that dismissal without prejudice was appropriate.

In *Brown v. Toombs*, the Sixth Circuit announced that it would henceforth require all prisoners filing § 1983 cases involving prison conditions to "allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his § 1983

complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." 139 F.3d at 1104; *see also Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Where a prisoner fails to satisfy this requirement, a district court should dismiss the complaint *sua sponte*. *Brown*, 139 F.3d at 1104. There is no futility exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Although the table of contents accompanying Hix's Complaint indicated that Hix filed records with the District Court documenting his administrative grievance at RMSI, the appellate record does not contain these documents. Nor does the record contain any copies of or reference to administrative grievances filed at MTRC, SCCF, or TCIP. While the Complaint did assert that Hix filed an administrative grievance at MTRC (Compl. 2), the Complaint failed to allege the outcome of this grievance, and failed to allege that Hix filed any grievance while at SCCF or TCIP. Accordingly, we conclude that, with the exception of his claims arising at RMSI, Hix failed to demonstrate that he exhausted his administrative remedies with respect to his other claims, and that even if the non-RMSI claims were otherwise meritorious, *sua sponte* dismissal of those claims without prejudice was appropriate. *Knuckles El*, 215 F.3d at 642. We now consider the merits of Hix's claims to determine whether the District Court properly dismissed the Complaint with prejudice.

C.      **Dismissal of Complaint With Prejudice for Failure to State a Claim**

Section 1915(e)(2) mandates that a complaint filed by a prisoner proceeding *in forma pauperis* be dismissed with prejudice if it is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, dismissal for failure to state a claim is appropriate when, viewing all facts and inferences in a light most favorable to the plaintiff, "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). When a district court determines that a complaint is frivolous or fails to state a claim, the court lacks discretion under the PLRA to permit the plaintiff to file an amended complaint. *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002).

Hix brought his claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any "person" who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must allege two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Hix's primary argument is that Defendants violated his Eighth Amendment rights. The Eighth Amendment guarantees freedom from infliction of cruel and unusual punishment. U.S. Const. amend. VIII. "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently

serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

### 1. Claims against TDOC and Medical Departments

We affirm the District Court's dismissal of Hix's § 1983 claims against the TDOC and its officials. The TDOC is not a "person" within the meaning of § 1983, and is therefore not a proper defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *see also* Tenn. Code Ann. § 4-3-101 (2006) (listing Department of Corrections as an administrative department of the state); *accord Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that Tennessee Department of Children's Services and the Department of Finance are "the State" such that § 1983 claims against officials of those departments in their official capacity are not cognizable).

Similarly, we affirm the District Court's dismissal of Hix's § 1983 claims against the medical departments of the various prisons in which he was incarcerated. For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Although the Sixth Circuit has not yet so held, several of our sister circuits, as well as numerous district courts, have concluded that a state prison's medical department is not a "person" within the meaning of § 1983. *See, e.g.*, *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973); *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001); *Sullivan v. Hamilton County Jail*

*Staff*, No. 1:05-cv-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006); *Mayo v. Briody*,

No. 2:03CV223FTM-29DNF, 2006 WL 822005, at *6 (M.D. Fla. Mar. 27, 2006); *Newby v.*

*Fasting*, No. Civ. A. 01-1432-AM, 2002 WL 31962277, at *2 (E.D. Va. Mar. 27, 2002). A

prison's medical department is not an entity with a corporate or political existence, and may be

seen as nothing more than an arm of the TDOC. *See, e.g.*, *Sullivan*, 2006 WL 1582418, at *3

n.1. Therefore, we conclude that the defendant medical departments are not "persons" under §

1983, and that Hix's claims against them fail as a matter of law. *See Will*, 491 U.S. at 70-71.

> 2. *Claims against Identified and Unidentified Doctors*

The District Court also dismissed Hix's claims against the unidentified "private doctors,"

as well as Doctors Coble, Sator, and Ayodele. Hix alleged that he sought medical treatment at

each of the facilities in which he was incarcerated. He conceded that medical personnel at each

facility listened to his complaints, examined him, and prescribed medication. At SCCF, he

claimed, he was given unidentified "pills" that only made him more sick and caused him to

"break[] . . . out." (Compl. 2.) Likewise, at RMSI, he alleged, he received medication for a

stomach infection, yet his symptoms persisted. Despite receiving treatment for his symptoms,

Hix averred, he was consistently denied medication for hepatitis C. Unidentified medical

personnel at SCCI and TCIP allegedly informed Hix that the requested medication was too

expensive. An unidentified physician at SCCF reportedly told Hix that he would receive the

requested medication only if his liver "shuts down." (*Id.*) At RMSI, another unidentified

physician allegedly told Hix that the requested hepatitis C medication was no longer provided to

inmates because it had previously been administered to two inmates "and the medication

changed those inmate's behavior where they went off on staff officers." (*Id.* 3.)

The District Court properly dismissed Hix's claims against the unnamed, unidentified "private doctors." Section 1983 does not create a cause of action against private actors. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Adams v. Vandemark*, 855 F.2d 312, 314 (6th Cir. 1988). Because the Complaint failed to allege that these private defendants acted under color of state law, the claims against the "private doctors" were properly dismissed. *See Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1996) (affirming district court's summary judgment of 1983 claims against private doctors where it was clear that they were not state actors).

With respect to Hix's claims against Doctors Coble, Sator, and Ayodele, the District Court found it significant that the Complaint contained no allegations specifically naming any of these defendants. On that basis, the District Court concluded that Hix's claims against Doctors Coble, Sator, and Ayodele were frivolous. It should be noted that the table of contents accompanying Hix's Complaint identified Doctor Coble with SCCF, Doctor Sator with TCIP and RMSI, and Doctor Ayodele with RMSI. Even if this Court were to use these identifications as a basis for attributing Hix's allegations to specific defendants, however, the Complaint would still fail to state a claim. Although hepatitis C likely constitutes a serious medical need sufficient to satisfy the objective component of our Eighth Amendment analysis, *see, e.g.*, *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. Oct. 24, 2003), the Complaint failed to allege conduct rising to the level of deliberate indifference. The Complaint alleged only that the doctors prescribed a course of treatment other than that which Hix requested, opting to treat

10

Hix's symptoms rather than the underlying disease.[1]  From these circumstances, Hix drew the

conclusion that the doctors made a deliberate decision to "await[] Plaintiff's death by his liver

shutting down" (Compl. 4), a conclusion finding absolutely no support in the factual allegations

of the Complaint.  At most, Hix's factual allegations might support a claim for medical

malpractice, which does not take on constitutional proportions simply because Hix is

incarcerated.  *See Estelle*, 429 U.S. at 105-06; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.

1976).  In reality, his factual allegations established nothing more than a mere difference of

opinion with the doctors' diagnoses and prescribed treatment.  *See Thomas v. Coble*, 55 F. App'x

748, 749 (6th Cir. 2003) ("[Plaintiff] and Dr. Coble clearly disagreed over the preferred

medication to treat [Plaintiff's] pain.  However, this difference of opinion does not support an

Eighth Amendment claim.").  Either way, the Complaint failed to state a claim for deliberate

indifference to Hix's serious medical needs.

> 3.  *Claims against Wardens*

The District Court also properly dismissed Hix's claims against Warden Flora Holland

---

[1]  As numerous courts have acknowledged, hepatitis C does not require treatment in all cases.  *See, e.g.*, *Johnson v. Wright*, 412 F.3d 398, 400 (2d Cir. 2005) ("New York State Department of Corrections [] policy generally forbids the prescription of hepatitis C medication to any prisoner with evidence of active substance abuse within the preceding two years."); *Iseley v. Dragovich*, 90 F. App'x 577, 581 (3d Cir. 2004) ("Interferon treatment was contraindicated in [plaintiff's] case because his condition had not yet progressed to the point where such treatment would have been appropriate."); *Edmonds v. Robbins*, 67 F. App'x 872, 873 (6th Cir. 2003) ("[T]he medical literature which [plaintiff] filed with the court also establishes that medication is not always required for the treatment of hepatitis C.").  Hix himself concedes this fact in his appellate brief.  (*See* Appellant's Br. 5 (stating that "for most people, lifestyle changes, such as not drinking alcohol are sufficient").)

(MTRC), Warden Kevin Myers (SCCF), Warden Jack Morgan (TCIP), and Warden Ricky Bell

(RMSI).  Hix's sole factual allegation concerning the wardens was that he wrote to Bell about

his condition and was "still denied treatment."  (Compl. 3.)  Hix also alleged in conclusory

fashion that the TDOC and the wardens "denied, delayed, and interfered with" his medical

treatment, had "full knowledge" of Hix's condition, and "fail[ed] to intervene" on Hix's behalf.

(*Id.* 4.)  Conclusory allegations notwithstanding, the Complaint failed to allege that any warden

except Bell knew of Hix's condition.  With respect to Bell, Hix offered no factual allegations

that Bell acted with deliberateness "tantamount to intent to punish," *Horn*, 22 F.3d at 660, or that

he "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of

his subordinates, *see Comstock v. McCrary*, 273 F.3d 693, 712-13 (6th Cir. 2001) (internal

quotation marks omitted).  Because Hix failed to allege deliberate indifference on the part of any

of the wardens, the District Court properly dismissed the Complaint with respect to those

defendants for failure to state a claim.

### 4.  First Amendment Retaliation

Hix also alleged that Defendants violated his First Amendment rights by repeatedly

transferring him to different correctional facilities in retaliation for his filing of grievances

concerning the quality of his medical treatment.  To state a claim for First Amendment

retaliation, a plaintiff must allege that (1) he engaged in constitutionally protected conduct; (2)

an adverse action was taken against him that would deter a person of ordinary firmness from

continuing to engage in that conduct; and (3) there is a causal connection between his protected

conduct and the adverse action—"that is, the adverse action was motivated at least in part by the

plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The District Court dismissed Hix's retaliation claim, finding that the mere transfer of a prisoner from one correctional facility to another would not deter a person of ordinary firmness from exercising his First Amendment rights.

In support of its conclusion, the District Court cited *Smith v. Yarrow*, 78 F. App'x 529 (6th Cir. 2003), an unpublished decision in which a panel of this Court stated that "transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." *Id.* at 543 (internal quotation marks omitted). A number of unpublished decisions of this Court, both before and since *Smith*, support this proposition. *See, e.g.*, *King v. Zamiara*, 150 F. App'x 485, 494 (6th Cir. 2005); *Jewell v. Leroux*, 20 F. App'x 375, 378 (6th Cir. 2001); *Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 469-71 (6th Cir. 2001). This Court recently distinguished *Smith* on the ground that the transfer of a prisoner may rise to the level of unconstitutional retaliation where there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts. *See Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). Hix alleged no such foreseeable consequences here. Moreover, this Court has held that in the context of a First Amendment retaliation claim, a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility. *Siggers-El*, 412 F.3d at 701; *Thaddeus-X*, 175 F.3d at 398; *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Thus, absent aggravating circumstances of the type present in *Siggers-El*, Hix's allegations pertaining to his transfers failed to allege adverse action that would deter a person of

ordinary firmness from engaging in constitutionally protected conduct. Because Hix failed to make out a prima facie case of First Amendment retaliation, we conclude that the District Court properly dismissed his allegations for failure to state a claim.

### III.  Conclusion

Because we find that Hix's *pro se* Complaint fails to state a claim on which relief may be granted, we AFFIRM the District Court's April 27, 2005 memorandum and order of final judgment dismissing the Complaint with prejudice.