**CLD-012**                                       **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 16-3412

———————

LEE E. CRAWFORD,
                       Appellant

v.

WARDEN ROBERT MCMILLAN; EDWARD ZALOGA, D.O.;
CORRECTIONAL CARE, INC.; ANTHONY IANNUZZI;
KEN MCCAWLEY, Nursing Supervisor;
LACKAWANNA COUNTY PRISON,
Individually and in their official capacities;
CHRIS KANE, Federal Marshall; SERGEANT  KENNEDY;
DENTIST AT LACKAWANNA COUNTY CORRECTIONAL;
PSYCHOLOGIST OF LACKWANNA COUNTY PRISON

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01936)
District Judge:  Honorable Sylvia H. Rambo

———————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2016

Before: FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 21, 2016)

OPINION[*]

_____

PER CURIAM

Lee Crawford appeals the District Court's dismissal of his complaint. We will summarily affirm.

In October 2014, Crawford, a federal pretrial detainee confined at Lackawanna County Prison, filed a complaint in the Middle District of Pennsylvania, alleging inadequate medical care and deliberate indifference to his medical conditions in violation of his Eighth and Fourteenth Amendment rights, as well as state medical malpractice/professional negligence claims. Crawford contended that he was not properly tested and treated for sexually transmitted diseases, kidney disease, hepatitis C, diabetes, and depression. Amongst the relief sought, Crawford requested an injunction ordering defendants to correct the "gross systemic deficiencies" in the prison's healthcare and to provide Crawford with an immediate blood test concerning his possible exposure to syphilis.[1] Crawford named defendants: Robert McMillan, Warden of Lackawanna County Prison and Lackawanna County Prison ("prison defendants"); Edward J. Zaloga,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Crawford claims that he complained to his girlfriend after she began visiting him at Lackawanna County Prison that he suffered from excruciating abdominal pain. His girlfriend allegedly informed him that she was diagnosed with secondary syphilis and provided him with a medical treatment note which listed that condition as one of her problems as of July 9, 2013.

2

D.O., Correctional Care, Inc.; Anythony Iannuzzi, Certified Registered Nurse Practitioner; and Ken McCawley, Nursing Supervisor ("medical defendants").

In March 2015, the prison defendants filed an answer, which set forth several affirmative defenses, including failure to state a claim upon which relief could be granted. The medical defendants filed a notice of their intention to file a motion to dismiss Crawford's complaint for failure to file a certificate of merit. By order entered on October 26, 2015, the District Court directed the medical defendants to file a responsive pleading to Crawford's complaint or risk default, dismissed the claims against Lackawanna County Prison for failure to state a claim upon which relief could be granted pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed Crawford's claims for declaratory and injunctive relief as moot.[2]

In November 2015, the medical defendants filed a motion to dismiss for failure to state a claim. By order entered on December 22, 2015, the District Court directed Crawford to file a brief in opposition to the medical defendants' motion to dismiss. On June 7, 2016, the District Court issued an order granting the medical defendants' motion to dismiss as it related to Crawford's medical malpractice claims, and determined that pursuant to the PLRA, Crawford had failed to state a claim of deliberate indifference under the Due Process Clause of the Fourteenth Amendment against all defendants.

---

[2] The request for declaratory and injunctive relief was summarily dismissed because Crawford was no longer incarcerated at Lackawanna County Prison. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) (finding prisoner's transfer or release from prison moots claims for injunctive or declaratory relief as prisoner no longer subject to allegedly unconstitutional conditions).

However, the District Court gave Crawford an opportunity to file an amended complaint, relating solely to his claim of deliberate indifference under the Due Process Clause against the medical defendants and Warden McMillan.

In July 2016, Crawford filed an amended complaint which failed to cure the deficiencies of the original complaint, reasserted claims that were previously dismissed against the Lackawanna County Prison, and raised claims against defendants not named in the original complaint. The new defendants included: Chris Kane, a United States Marshal; Sergeant Kennedy, a correctional officer; an unnamed dentist at Lackawanna Prison; and an unnamed psychologist at Lackawanna Prison. Shortly thereafter, the medical defendants filed a motion to dismiss the amended complaint. On July 26, 2016, the District Court granted the motion to dismiss as to the original medical and prison defendants. The claims against the new defendants, which were not authorized by the District Court's June 7, 2016 order, were dismissed without prejudice to any right to file a new complaint.

Crawford appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Crawford has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review of the District Court's order dismissing Crawford's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir.

4

2011).  In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility."  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).  Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

We agree with the determination of the District Court that Crawford's claims against Lackawanna County Prison must be summarily dismissed because the prison is not an entity subject to suit under 42 U.S.C.§ 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding prison not a "person" subject to suit under § 1983).

We further conclude that dismissal was proper with regard to Crawford's claims against the medical defendants alleging malpractice/professional negligence and deliberate indifference to his medical condition.  Taking all of Crawford's allegations as true, we agree with the District Court that his failure to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure is fatal to his claims of malpractice and

5

professional negligence. Rule 1042.3 requires a plaintiff to file a certificate of merit within sixty days after filing a professional negligence complaint. The certificate must be signed by the attorney or party and certify that either

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> . . .
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a)(1) & (3). Rule 1042.3 is a substantive law that must be applied by federal courts. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011). Here, Crawford neither filed a certificate of merit nor did he provide a reasonable excuse for failing to do so. Thus, dismissal was appropriate as to these claims.

The requirement to file a certificate of merit, however, does not apply to Crawford's claim of deliberate indifference to a serious medical condition. Because Crawford is a pretrial detainee, his constitutional claim for inadequate medical care would typically be adjudicated under the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). However, "we determined that pretrial detainees are entitled to at least as much protection as convicted prisoners and that decisions interpreting the Eighth Amendment serve as 'useful analogies.'" Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987) (quoting Hampton

v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976); see also Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (finding "no reason to apply a different standard than that set forth in Estelle (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment)"); In Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (concluding that "at a minimum, the 'deliberate indifference' standard of Estelle v. Gamble, must be met" at an institution housing pretrial detainees).

The standard established in Estelle v. Gamble, 429 U.S. 97, 106 (1976), requires that a prisoner plead facts that demonstrate "deliberate indifference to serious medical needs."  In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted); see also Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Crawford contends that he was not properly tested for sexually transmitted diseases and other chronic diseases that he suffered from, including kidney disease, hepatitis C, and diabetes.  However, as the District Court properly concluded, Crawford

7

failed to provide factual support that he suffered from or was diagnosed with any of these alleged ailments or suffered physical injuries as a result of the defendants' actions. For example, Crawford did not allege that he was experiencing any of the common symptoms of syphilis or that he was ultimately tested and found positive for syphilis and that the delay in testing resulted in medical complications or injury. Moreover, as the District Court aptly noted, Crawford's allegations make it clear that he received some medical treatment, including tuberculosis testing and an examination. Crawford alleges that after he received notification of his girlfriend's test results, he wrote to McCawley and Zaloga who forwarded his request for testing to the medical department. In July 2013, Crawford alleges that in response to his request, he was called to sick-call and evaluated by Iannuzzi. When Crawford requested testing for sexually transmitted diseases, defendant Iannuzzi informed him that he would send to a prior state prison for Crawford's medical records because he did not want to perform testing that had already occurred. An exhibit attached to Crawford's brief in opposition to the medical defendant's motion to dismiss shows that in April 2014, Crawford was evaluated and given medication. Crawford alleges in an April 2014 Grievance Form attached to his complaint that "Doctor Zaloga choos[es] the 'easier [and] less efficacious treatment.'" All of this indicates that Crawford was indeed treated by the prison medical staff but that he disagreed with this treatment.

Neither Crawford's disagreement with this treatment nor its alleged inadequacy raises an inference of deliberate indifference. See, e.g., Estelle, 429 U.S. at 107

8

(explaining that "[a] medical decision not to order [a diagnostic test] does not represent cruel and unusual punishment" because, at most, it -constitutes malpractice). Crawford has not alleged sufficient facts that defendants intentionally refused to provide needed treatment, delayed necessary treatment for a non-medical reason, prevented Crawford from receiving needed or recommended treatment, or persisted in a particular course of treatment "in the face of resultant pain and risk of permanent injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting White v. Napoleon, 897 F.2d 103, 109-11 (3d Cir. 1990)). Accordingly, the District Court properly dismissed Crawford's claims against the medical defendants.

We further agree with the District Court that Crawford's deliberate indifference claim against Warden McMillan, based on the theory of respondeat superior, must fail. See Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (finding liability may not be imposed under § 1983 on principle of respondeat superior); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976) (same). Moreover, as the District Court properly concluded, as a non-medical personnel, Warden McMillan is entitled to presume the competence of medical staff in treating a prisoner, meaning that his conduct cannot, without much more, amount to "deliberate indifference." See Sprulli, 372 F.3d at 236 (3d Cir. 2004). Accordingly, the District Court properly dismissed his claim against Warden McMillan.

With regard to the claims against the newly-named defendants, which were not authorized by the District Court's June 7, 2016 order, we conclude that they were

9

appropriately dismissed by the District Court without prejudice to any right to file a new complaint.

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's orders dismissing Crawford's complaint. Crawford's motion for appointment of counsel is denied.