**Joseph FISCHER, Appellant,**

v.

**Hon. William T. CAHILL, Governor of New Jersey, et al.**

**No. 72-1554.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 6, 1973.

Decided March 1, 1973.

Joseph Fischer, pro se.

George F. Kugler, Jr., Atty. Gen. of New Jersey, Trenton, N. J., Virginia L. Annich and Michael S. Bokar, Deputy Attys. Gen., for appellees.

Before BIGGS and GIBBONS, Circuit Judges, and HUYETT, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Appellant, a state prisoner, filed a pro se complaint claiming violations of his civil rights. The district court permitted the filing of the complaint in forma pauperis, directed that no summons issue, and dismissed before any responsive pleadings were filed, apparently on the authority of Rule 12(b)(6), Fed.R.Civ.P. The inartistically drafted complaint asserts (1) damages arising from the use of improper medication prescribed by the New Jersey State Prison Medical Department, and (2) a violation of appellant's civil rights by the members of the New Jersey Parole Board in that they denied his parole without a statement of reasons.

With respect to the medication contention, dismissal was proper, since by a most generous reading the complaint can only be construed as a tort claim for malpractice. The only jurisdiction asserted is under the Civil Rights Act, 42 U.S.C. § 1983, and a tort claim for malpractice is not cognizable under that jurisdiction. *E. g.*, Nettles v. Rundle, 453 F.2d 889 (3d Cir. 1971); Isenberg v. Prasse, 433 F.2d 449 (3d Cir. 1970). Moreover, with respect to the prescription of the medication no person is named as a defendant, but only the New Jersey Prison Medical Department. That state agency may not be sued under 42 U.S.C. § 1983 since it is not a person. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).[1]

1. In a letter to the Clerk of this Court dated January 12, 1973, appellant stated that he desired to withdraw all of the complaints except that concerning parole.

The charges against the members of the Parole Board are another matter. Affording the complaint the generous construction required by Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it may be construed as alleging that appellant seeks declaratory relief, injunctive relief, and possibly damages, with respect to the failure of the Parole Board to give reasons for its adverse action. No jurisdictional amount is required, Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), although an extravagant amount is here pleaded. In New Jersey a rejected applicant for parole is entitled to a statement of reasons. Monks v. New Jersey State Parole Board, 58 N.J. 238, 249, 277 A.2d 193, 199 (1971). Cf. Mosley v. Ashby, 459 F.2d 477 (3d Cir. 1972) (per curiam). A claim of denial of such a statement, minimally at least, can be construed on this record as setting forth a denial of the equal protection of the laws. On this appeal the brief for the appellees suggests that reasons may in fact have been given, but there is nothing of record to establish the facts.

We have had all too frequent occasion to reverse district court orders which have, without compliance with the procedural requirements of the Federal Rules of Civil Procedure, dismissed prisoner Civil Rights Act complaints. See, e. g., Marshall v. Brierley, 461 F.2d 929 (3d Cir. 1972); Mayberry v. Prasse, 449 F.2d 1266 (3d Cir. 1971) (per curiam); Bethea v. Reid, 445 F.2d 1163 (3d Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1972). Rarely, if ever, will the total judicial effort required for the disposition of such complaints be reduced by disregarding, in such cases, the rules which afford to litigants generally the opportunity to require the filing of a motion or responsive pleading and to be heard in opposition before their complaint is dismissed. Such a course will undoubtedly reduce the total impact of unnecessary litigation in this field.

The judgment of the district court will be affirmed as to the medical contention, and reversed as to the Parole Board contention and the cause remanded for further proceedings in compliance with the Federal Rules of Civil Procedure.