

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2007

# Phippen v. Nish

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Phippen v. Nish" (2007). *2007 Decisions.* Paper 1126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-190                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4630
_____

CLARENCE PHIPPEN,

Appellant

v.

JOE NISH, Warden, SCI Waymart;
DONALD JONES, Hearing Examiner, SCI Waymart
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-1446)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 19, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, CIRCUIT JUDGES

(Filed: May 8, 2007)

_____

OPINION
_____

PER CURIAM

        Clarence Phippen appeals the District Court's order granting appellees' motion to

dismiss. The procedural history of this case and the details of Phippen's claims are well-

known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Phippen filed a civil rights complaint alleging that appellees violated his right to due process by placing him in segregation, tampering with his mail, denying him access to the courts, and retaliating against him because he was challenging his conviction.[1] The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915A. Phippen filed a timely notice of appeal.

Because Phippen is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915 (e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. Id.

The District Court was correct that Phippen failed to state a due process claim, see Sandin v. Conner, 515 U.S. 472 (1995), or a claim under Miranda v. Arizona, 384 U.S. 436 (1966). Renda v. King, 347 F.3d 550, 558 (3d Cir. 2003). The District Court did not err in concluding that Nish and Jones cannot be held liable on the basis of respondeat

---

[1] According to his § 2254 petition, Phippen is serving three and a half to fifteen years in prison for aggravated assault, simple assault, terroristic threats, reckless endangerment and stalking and harassing. The charges arose from an incident where Phippen held a knife to his wife's throat and threatened to kill her in front of their daughter.

superior, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), and that SCI

Waymart is not a "person" under § 1983.  Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.

1973).

Phippen has also requested that we issue a writ of mandamus. He describes recent

misconduct charges against him and requests that we compel the Pennsylvania

Department of Corrections to use a disciplinary process that comports with case law.  The

writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759

F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner

must establish that there is no alternative remedy or other adequate means to obtain the

desired relief, and the petitioner must demonstrate a clear and indisputable right to the

relief sought.  Kerr v. United States District Court, 426 U.S. 394, 403 (1976).  Here

Phippen has the alternative remedy of filing a complaint challenging the disciplinary

procedure in the proper District Court.[2]   We note also that Phippen has requested that the

appeal be stayed because he does not have access to his legal materials.  However,

because no pleadings are required of Phippen, there is no need to stay the appeal.

For the above reasons, as well as those set forth by the District Court, we will

dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim.

---

[2] However, we note that, including the lower court action and this appeal, Phippen will
now have had three actions or appeals dismissed for failure to state a claim.  See Phippen
v. Lycoming County Jail, No. 01-cv-02040, (M.D. Pa. March 4, 2002).  Thus, in the
future he may only bring an action in forma pauperis as a prisoner if he is "under
imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).

Phippen's request for mandamus relief is denied.