**BLD-251**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2395
_____

JOHN RUFF,
                                        Appellant
                        v.

HEALTH CARE ADMINISTRATOR; KATHRYN MCCARTY; SCI COAL
TOWNSHIP; SCI COAL TOWNSHIP MEDICAL STAFF; P. A. BRIAN DAVIS; P.A.
JESSE COLABINE; M. D. MICHAEL WEISNER; DAVID SABBAR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00603)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2011)
_____

OPINION
_____

PER CURIAM

        John Ruff appeals two orders of the District Court:  one sua sponte dismissed his

civil rights claims against defendants SCI-Coal Township, SCI-Coal Township's Medical

1

Staff, and Kathryn McCarthy, and the other granted the motion to dismiss of defendants Physician Assistant (P.A.) Brian Davis, P.A. Jesse Colabine, Dr. Michael Weisner, and X-ray Technician David Sabbar. Because the appeal presents no substantial question, we will summarily affirm.

I.

In March 2010, Ruff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging improper treatment of injuries sustained during his incarceration at SCI-Coal Township. Ruff alleged that around October 23, 2007, he suffered a rib injury. He was examined by P.A. Brian Davis, who neglected to order an x-ray of Ruff's rib area. Approximately two years later, upon Ruff's complaints of moderate pain and abnormal growth in his rib area, P.A. Colabine ordered x-rays to be taken. Sabbar took Ruff's x-ray, which revealed a rib fracture. Dr. Weisner examined the x-ray and advised Ruff that his pain stemmed from a rib fracture and that re-breaking the rib may be required to allow it to heal fully. Ruff's complaint named as defendants SCI-Coal Township, SCI-Coal Township's Medical Staff, and Kathryn McCarthy—the prison Health Care Administrator—claiming that they were responsible for the allegedly inadequate medical care.

In an April 14, 2010 order, the District Court sua sponte dismissed Ruff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but granted him leave to amend. Ruff filed an amended complaint on May 18, 2010, which named P.A. Davis, P.A. Colabine, Dr. Weisner, and Sabbar as defendants. Ruff specifically alleged that these defendants

2

violated his Eighth Amendment right to adequate medical care. P.A. Davis, P.A. Colabine, and Dr. Weisner subsequently moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 8, 2011, the District Court granted that motion.[1] Ruff appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and our review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (plenary review of order dismissing claims under 28 U.S.C. § 1915(e)(2)(B)(ii)); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010) (plenary review of order granting motions under Fed. R. Civ. P. 12(b)(6)). In reviewing a district court's dismissal for failure to state a claim, "we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008).

We may summarily affirm a district court's judgment if the appeal does not raise a substantial question. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. See Hedges v. Musco, 204 F.3d 109, 116 (3d Cir. 2000). We are of course mindful that a pro se litigant's complaint is to be construed liberally. See

---

[1] Despite being issued a summons, Sabbar neither returned it nor entered an appearance in this case. Nevertheless, in its April 8, 2011 order the District Court dismissed the claims against Sabbar pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

III.

In order to establish a § 1983 claim, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (en banc). We separately analyze whether Ruff failed to state a claim against SCI-Coal Township, SCI-Coal Township's Medical Staff and McCarthy, and whether he failed to state a claim against P.A. Davis, P.A. Colabine, Dr. Weisner, and Sabbar.

A. Dismissal of the claims against SCI-Coal Township, SCI Coal Township's Medical Staff, and Kathryn McCarthy

The District Court sua sponte dismissed Ruff's claims as to SCI-Coal Township, SCI-Coal Township's Medical Staff, and Kathryn McCarthy, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). This was not error. The District Court properly concluded that Ruff cannot sue SCI-Coal Township or the prison's medical department itself because these entities are not "persons" under § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam).

In addition, the District Court correctly held that Ruff failed to state a claim against Kathryn McCarthy. To be liable under § 1983, a defendant must have some personal involvement in the underlying unconstitutional conduct. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a plaintiff must establish

4

that the defendants "have personal involvement in the alleged wrongs [which] . . . can be shown through allegations of personal direction or of actual knowledge and acquiescence," provided that the allegations are made with appropriate particularity). Ruff did not allege McCarthy's knowledge and acquiescence with the required particularity; a review of Ruff's complaint reveals no allegations giving rise to a plausible inference that McCarthy was personally involved in the complained-of conduct, or that she otherwise denied Ruff his constitutional rights. Accordingly, the District Court properly dismissed Ruff's claims against SCI-Coal Township, SCI Coal Township's Medical Staff, and Kathryn McCarthy.

B.  Dismissal of the claims against P.A. Davis, P.A. Colabine, Dr. Weisner, and David Sabbar

The District Court properly dismissed claims against P.A. Colabine, Dr. Weisner, and Sabbar. As noted above, liability under § 1983 is dependent upon a defendant's personal involvement in the underlying unconstitutional conduct. See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode, 845 F.2d at 1207). A review of Ruff's complaint reveals no allegations giving rise to a plausible inference that P.A. Colabine, Dr. Weisner, or Sabbar was personally involved in the October 2007 medical mistreatment. In fact, they did not contribute any medical assistance until 2009, when they aided in properly diagnosing Ruff's injury.

The District Court also properly dismissed Ruff's claim against P.A. Davis. To state a valid Eighth Amendment claim of medical mistreatment, a prisoner "must allege

5

acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Further, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id.; see also Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976) ("Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts.").

We agree with the District Court that Ruff's amended complaint has alleged no facts suggesting that P.A. Davis was deliberately indifferent to Ruff's medical needs. While Ruff faults P.A. Davis for failing to order a rib x-ray, there is no averment suggesting an x-ray was necessary, or that P.A. Davis's medical judgment was unreasonable. See Farmer v. Brennan, 511 U.S. 825, 845 (1994) ("[P]rison officials who act reasonably cannot be found liable under the [Eighth Amendment]."); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) ("[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners."). Although it is unfortunate that Ruff's fractured rib went undisclosed for two years, P.A. Davis's medical choice to not order an x-ray in March 2007, at most exhibits negligence, which is insufficient to state a cognizable Eighth Amendment claim. See Estelle, 429 U.S. at 106.

IV.

For the reasons given in this opinion, we will summarily affirm the judgment of the District Court.

6