**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1173
_____

TIMOTHY C. LENHART,
                    Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA;
NAPHCARE INC., Health Care Provider for
Westmoreland County Prison;
WESTMORELAND COUNTY;
WESTMORELAND COUNTY PRISON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-11-cv-00312)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed June 11, 2013)
_____

OPINION
_____

PER CURIAM

        Timothy C. Lenhart, proceeding pro se and in forma pauperis, appeals from the United

States District Court for the Western District of Pennsylvania's December 2012 order

dismissing his amended complaint. We will summarily affirm the District Court's order because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Lenhart filed his original complaint in March 2011. Lenhart named as defendants the Commonwealth of Pennsylvania; John Walton, Warden of Westmoreland County Prison; Naphcare, Inc., the healthcare provider for Westmoreland County Prison; and the Westmoreland County Clerk of Court. Lenhart sought damages pursuant to 42 U.S.C. § 1983 due to constitutional violations surrounding his arrests, pre-trial detention in Westmoreland County Prison, and prosecutions. In March 2012, the District Court granted Defendants' motions to dismiss and dismissed the complaint with prejudice except as to John Walton in his individual and official capacity, the Westmoreland County Clerk of Court, and Naphcare, Inc.

Lenhart filed an amended complaint, which is the subject of the present proceeding, in May 2012. Lenhart named as defendants the Commonwealth of Pennsylvania, Westmoreland County, Westmoreland County Prison, and Naphcare, Inc. Lenhart raised a similar set of claims as in his original complaint. Specifically, Lenhart claimed that while detained in Westmoreland County Prison, Naphcare, Inc. provided him with insufficient medical care that scarred him, caused him physical pain, and caused a risk of infection to his fellow detainees. Lenhart also claimed that he was arrested without probable cause, maliciously prosecuted, and verbally harassed by a jailhouse informant. Defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, the Magistrate Judge recommended that the complaint be dismissed, and in December 2012 the

2

District Court dismissed the complaint with prejudice[1] and adopted the Magistrate Judge's report and recommendation.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a complaint under either Rule 12(b)(1) or (6). Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009); McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). In reviewing an order granting a motion under Rule 12(b)(1), we must determine whether the allegations in the complaint, taken as true, allege facts sufficient to invoke the District Court's jurisdiction. Common Cause, 558 F.3d at 257. A complaint can survive a motion to dismiss if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

## III.

The District Court properly determined that sovereign immunity shielded the Commonwealth of Pennsylvania from suit and granted its Rule 12(b)(1) motion. As the District Court noted, pursuant to the Eleventh Amendment of the United States Constitution, Pennsylvania is immune from suits brought in federal court unless Pennsylvania consents to suit or the United States Congress properly abrogates immunity. See Pennhurst State Sch. &

---

[1] The complaint was dismissed without prejudice as to Lenhart's ability to file a new complaint under § 1983 asserting a Sixth Amendment violation if his conviction is overturned or invalidated.

Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). In this case, Pennsylvania did not consent to suit nor did Congress abrogate its sovereign immunity. See id. at 99.

Lenhart argues that the District Court overlooked his claim under Title II of the Americans with Disabilities Act ("ADA") in his complaint. Although, as Lenhart states, Title II of the ADA properly abrogates sovereign immunity, see United States v. Georgia, 546 U.S. 151, 159 (2006), Lenhart's bare invocation of the ADA is insufficient to state a prima facie claim under Article II of the ADA. See 42 U.S.C. §§ 12131, 12132; Iqbal, 556 U.S. at 663. Consequently, dismissal of the claims against Pennsylvania under Rule 12(b)(1) for lack of subject matter jurisdiction was correct.

The District Court properly dismissed all claims against Westmoreland County under Rule 12(b)(6). First, we agree with the District Court that to the extent that Lenhart raised state law tort claims of intentional infliction of emotional distress, libel, slander, false arrest, and malicious prosecution, the Pennsylvania Political Subdivision Tort Claims Act shields Westmoreland County from suit. See 42 Pa. Cons. Stat. §§ 8501, 8541. Second, we agree with the District Court that Lenhart's claims premised on actions that occurred more than two years prior to the filing of his complaint on March 9, 2011, are statutorily barred. See Chardon v. Soto, 462 U.S. 650, 657 (1983); see also 42 Pa. Cons. Stat. § 5524(1). Third, we also agree with the District Court that as to any claims that are not statutorily barred, Lenhart failed to state a claim against Westmoreland County because he did not allege that the constitutional violations that he complained of stemmed from an official policy or custom of the county. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

4

The District Court properly dismissed all claims against Westmoreland County Prison under Rule 12(b)(6). A local governmental agency may be a "person" for purposes of § 1983 liability. Id. at 690. However, as the District Court noted, Westmoreland County Prison is not a person capable of being sued within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973).

Finally, the District Court properly dismissed all claims against Naphcare, Inc. under Rule 12(b)(6). Naphcare, Inc. is not liable for constitutional violations committed by its employees, unless Naphcare, Inc. has adopted a policy, practice, or custom that caused the alleged constitutional violations. See Monell, 436 U.S. at 690-91; Woodward v. Corr. Med. Servs. of Ill., 368 F.3d 917, 927 (7th Cir. 2004). A policy or custom can only be established via a decisionmaker through either action or inaction. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003). Regarding Lenhart's claim that he was deprived of tetracycline, he alleged that the prison no longer provided him with the medicine pursuant to a policy implemented by Westmoreland County Prison's Deputy Warden. We agree with the District Court's conclusion that Naphcare, Inc. is not subject to § 1983 liability due to adherence to a policy or custom implemented by the Deputy Warden of Westmoreland County Prison. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986). Thus, Lenhart failed to state a claim against Naphcare, Inc. regarding the cessation of his tetracycline prescription.

Lenhart also argued that Naphcare, Inc. provided inadequate medical care when he developed an infection. In order to state a Fourteenth Amendment claim of inadequate medical attention upon which relief may be granted, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. City of Revere v. Mass. Gen. Hosp., 463

U.S. 239, 243-44 (1983); see also Natale, 318 F.3d at 581 (noting that a pretrial detainee is not entitled to Eighth Amendment protections, but nevertheless a pretrial detainee's claim of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claim of inadequate medical care). "[A] complaint that a physician has been negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Further, "mere disagreement as to the proper medical treatment" does not support a claim of inadequate medical care. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Despite Lenhart's request for a doctor, he was seen by a nurse and given two courses of antibiotic treatments. He claimed that his care was inadequate and that he should have been segregated from other detainees to limit the risk of infection. We agree with the District Court that whether or not Lenhart was treated pursuant to a policy or custom, he merely disagrees with the care that he received and he did not state a claim of medical mistreatment. Thus, the District Court correctly dismissed all claims against Naphcare, Inc. and granted its Rule 12(b)(6) motion.

IV.

For substantially the same reasons as the District Court and because this appeal does not present a substantial question, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.