ALD-188                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3169
_____

JONATHAN BROWNLEE,
                                        Appellant

v.

MONROE COUNTY CORRECTIONAL FACILITY;
JOHN DOE CORRECTIONAL OFFICER 1, and
JOHN DOE CORRECTIONAL OFFICER 2,
of the Monroe County Correctional Facility
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 18-cv-01318)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2020
Before:  MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Jonathan A. Brownlee, III, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

On June 29, 2018, Brownlee, who is currently incarcerated at the Lackawana County Prison in Scranton, Pennsylvania, initiated a lawsuit pursuant to 42 U.S.C. § 1983 against the Monroe County Correctional Facility ("MCCF"), alleging that while incarcerated there, he was raped by his cellmate after asking correctional officers not to house him with that inmate. The District Court terminated MCCF as a defendant and directed Brownlee to file an amended complaint. Brownlee's amended complaint named John Doe Correctional Officer 1 and John Doe Correctional Officer 2 as defendants. He filed a motion to conduct limited discovery for the purpose of identifying the John Doe officers in which he indicated that he possessed request slips signed by them, but that the signatures on the forms were illegible. By order entered on December 12, 2018, the District Court granted Brownlee 90 days to conduct limited discovery.

Several days later, counsel for MCCF sent Brownlee a letter asking him to provide copies of the request slips with the officers' signatures so that he could attempt to identify the defendants. On February 13, 2019, MCCF's counsel informed the District Court that he had not received a response from Brownlee. The 90-day limited discovery period expired on March 12, 2019. On May 17, 2019, the District Court granted Brownlee an additional 30 days to identify the defendants and warned him that "if he [was] unable to identify the names of the John Doe Defendants, the Court may not be able to continue

2

processing his claims against them." ECF No. 52 at 8.

On May 30, 2019, Brownlee moved to subpoena the warden of MCCF to obtain copies of all the request slips and grievances he submitted during his incarceration at MCCF. On June 10, 2019, MCCF's counsel provided Brownlee with the requested documents. A week later, Brownlee told the District Court that MCCF's counsel had omitted the two request slips relevant to his claims, asserting that the assault occurred months after the date of the last-submitted request slip MCCF's counsel had provided. Brownlee went on to explain that the carbon copies of the relevant request slips were located in his home and asked the District Court to direct that he be transported there to retrieve them. He also asked for a subpoena to obtain a police report that was prepared after the alleged incident.

In an order dated June 27, 2019, the District Court denied Brownlee's requests for subpoenas. See ECF No. 61 at 4 (explaining, among other things, that MCCF's counsel had provided the documents Brownlee sought to subpoena). Noting that it could not proceed without identification of the John Doe defendants, the District Court directed Brownlee to provide their names within 14 days and cautioned him that failure to do so might result in the dismissal of his action for failure to prosecute under Federal Rule of Civil Procedure 41(b). In response, Brownlee filed a number of motions but did not provide the names of the John Doe defendants.

On August 5, 2019, upon considering the six factors laid out in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984), the District Court sua

3

sponte dismissed Brownlee's complaint for failure to prosecute. Brownlee appealed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review

the District Court's dismissal of Brownlee's amended complaint pursuant to Federal Rule

of Civil Procedure 41(b) for an abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257

(3d Cir. 2008). Our review is

> guided by the manner in which the trial court balanced the following factors
> . . . and whether the record supports its findings: (1) the extent of the
> party's personal responsibility; (2) the prejudice to the adversary caused by
> the failure to meet scheduling orders and respond to discovery; (3) a history
> of dilatoriness; (4) whether the conduct of the party . . . was willful or in
> bad faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

Poulis, 747 F.2d at 868. "Each factor need not be satisfied for the trial court to dismiss a

claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Although "we

defer to the District Court's discretion, dismissal with prejudice is only appropriate in

limited circumstances and doubts should be resolved in favor of reaching a decision on

the merits." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). A District Court

---

[1] Brownlee's appeal is timely even though it was filed more than 30 days after the District Court's order was entered on the docket on August 5, 2019. See Fed. R. App. P. 4(a)(1)(A). Because it did not comply with the requirements of Federal Rule of Civil Procedure 58 calling for a separate order in this instance, the District Court's judgment was considered "entered" on January 2, 2020, see Fed. R. App. P. 4(a)(7) ("[I]f a separate document is required, [judgment is entered] when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket."), and a notice of appeal filed after the court announces an order but before the entry of the judgment is treated as filed on the date of and after the entry, see Fed. R. App. P. 4(a)(2).

4

may sua sponte dismiss for failure to prosecute. See Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982).

We agree with the District Court's conclusion that the Poulis factors weighed in favor of dismissal. As to the first factor, the District Court observed that it was Brownlee's sole responsibility to prosecute his case as a pro se litigant, see Briscoe, 538 F.3d at 258–59, and that he was warned several times that his complaint might be dismissed. While the District Court decided that the second factor weighed against dismissal because the John Doe defendants were never served, and thus not prejudiced, we note that continued proceedings would have further inconvenienced MCCF's counsel, who was made to appear before the District Court despite MCCF's termination from the lawsuit to help Brownlee identify the unknown officers.

Additionally, the District Court determined that Brownlee exhibited a "history of dilatoriness," noting that the action had been pending for over a year at the time of dismissal. Moreover, Brownlee was given 90 days from December 12, 2018, to conduct discovery but took no apparent action until May 30, 2019, after the District Court had sua sponte granted him an additional month to produce the defendants' names.

As to the fourth Poulis factor, the District Court did not conclusively say whether Brownlee had acted in bad faith but noted his unexcused failure to begin discovery for over five months after the District Court's order. Regarding the fifth factor, the District Court determined that because Brownlee was proceeding in forma pauperis, an alternative sanction would have been ineffective. Finally, while the District Court

5

observed that Brownlee's serious allegations, if established at trial, would support

recovery, it noted that the case could not proceed without a defendant.

Brownlee has not shown cause for his failure to identify the correctional officers

against whom his claims were made. Soon after the District Court granted limited

discovery, counsel for MCCF asked Brownlee to identify the relevant request slips so that

he could locate the officers who signed them. See ECF No. 60 at 2. Brownlee never

responded to MCCF's counsel, and his amended complaint did not provide enough

information to allow counsel to identify the officers by other means.[2] The District Court

determined that to issue a subpoena based on Brownlee's bare allegation that MCCF

withheld the relevant request slips, or his speculation that the police composed

investigation reports that contain the defendants' identities, would constitute a "fishing

expedition." ECF No. 70 at 6 n.2. Brownlee's contention that he has the request slips in

his home where they can easily be found and that they are essential to his case raises the

question why he did not find a way to obtain the slips before initiating a lawsuit in the

District Court. Further, Brownlee's assertion that his status as an incarcerated pro se

litigant rendered him unable to discover the John Doe defendants' names is contradicted

by his demonstrated competence to file motions and discovery requests. While it may be

---

[2] Brownlee does not recall the exact date he was assaulted nor the name of the inmate who raped him. Brownlee's amended complaint states, "On some date less than two years prior to June 24, 2018, while housed in protective custody at [MCCF], Plaintiff overheard at least two Correction Officers conversing with each other during which one stated to the other that there was a plan to have Plaintiff placed into the cell with a particular inmate (who's [sic] name is currently unknown) at some time during that day." ECF No. 1 at 1–2.

true that Brownlee cannot ascertain the defendants' identities, the District Court's interest in judicial economy precluded it from keeping his case open indefinitely.

In short, we cannot conclude that the District Court's dismissal of Brownlee's complaint was an abuse of discretion. Additionally, the District Court's dismissal of MCCF as a defendant was correct. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a prison is not a "person" subject to suit under § 1983). Accordingly, we will summarily affirm the District Court's judgment. Brownlee's motions are denied.