DLD-178                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3398
_____

JOHN LEWIS GERHOLT, SR.,
Appellant

v.

JOHN E. WETZEL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; K. SUBEN,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; STEPHEN ST. VINCENT, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY; MS G. ORLANDO, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY; DAVID A. THOMAS, JR., IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY; C. STEFFENIO, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-04079)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: May 26, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John Gerholt, Sr., an inmate at State Correctional Institution – Phoenix ("SCI-Phoenix") proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the appeal presents no substantial question, we will summarily affirm.

I.

In August 2020, Gerholt filed a civil rights complaint in the United States District Court for the Eastern District of Pennsylvania against WellPath "(aka) Correct Care Solutions," a private contractual healthcare provider at SCI-Phoenix, as well as Pennsylvania Secretary of Corrections John Wetzel, SCI-Phoenix Warden K. Soben,[1] Department of Corrections Director of Policy Stephen St. Vincent, and SCI-Phoenix employees David A. Thomas, Jr., Ms. G. Orlando, and C. Steffenio. Gerholt sued all defendants in their individual and official capacities under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments.

Gerholt's allegations arose out of a January 30, 2020 incident in which his hand became trapped in the pinch point of a closing cellblock door, injuring his fingers. Gerholt alleged that WellPath was deliberately indifferent to his serious medical needs in its treatment of his injury, and that several of the individual defendants violated the Eighth Amendment by failing to provide warning signs at pinch points or otherwise

---

[1] For purposes of this opinion, we adopt the spelling of defendant Soben's name utilized in Gerholt's complaint and the District Court's opinions.

guard against Gerholt's injury.  Gerholt also alleged that defendants Soben, Orlando, and Steffenio violated his constitutional rights in their handling of a grievance he filed in relation to his injury and medical care.

On August 31, 2020, the District Court dismissed Gerholt's official capacity claims, grievance-related claims, and Eighth Amendment claims against the individual defendants with prejudice under § 1915(e)(2)(B)(ii) upon determining that leave to amend would be futile.  However, the District Court afforded Gerholt leave to amend his claim against WellPath to demonstrate that it had a policy or custom amounting to deliberate indifference to serious medical needs or to allege deliberate indifference against an individual medical provider.

Gerholt filed an amended complaint on November 3, 2020.  The amended complaint no longer included WellPath as defendant and instead named the "SCI-Phoenix Medical Department," against which Gerholt raised similar allegations of inadequate medical care.  Gerholt otherwise raised largely the same allegations as those in his initial complaint against Wetzel, St. Vincent, Thomas, and Steffenio, naming several of those defendants in their individual and official capacities even though such claims were previously dismissed with prejudice.  Gerholt sought monetary damages.

On November 5, 2020, the District Court sua sponte dismissed the amended complaint with prejudice under § 1915(e)(2)(B)(ii) and terminated WellPath as a defendant.  Although the District Court had already dismissed Gerholt's claims against

3

Wetzel, St. Vincent, Thomas, and Steffenio with prejudice in its August 31 opinion, it screened the amended complaint in its entirety and reiterated its reasons for dismissing those claims. Gerholt timely appealed and filed a document in support of his appeal with this Court.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order dismissing the amended complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As a pro se litigant, Gerholt is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm the District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

As an initial matter, the District Court properly concluded that the Eleventh Amendment barred Gerholt's official capacity claims. See A.W. v. Jersey City Pub.

---

[2] In addition to referring to the November 5 order, Gerholt's notice of appeal mentions an order entered November 3, 2020 dismissing the action for failure to prosecute. The same day it issued that order, however, the District Court received the amended complaint. The District Court therefore vacated the November 3 order in its November 5 order.

4

Schs., 341 F.3d 234, 238 (3d Cir. 2003) (noting that "[a] state is generally entitled to immunity in federal court from suits by private parties," and this protection extends to "state officials sued in their official capacities for monetary damages"). As the District Court noted, the Commonwealth of Pennsylvania has not waived its sovereign immunity with respect to the claims here at issue. See 42 Pa. Cons. Stat. §§ 8521(b), 8522(b).

The District Court's dismissal of Gerholt's claims related to the handling of his grievance was also proper. Gerholt alleged that Steffenio "apologized to" Gerholt after reviewing his allegations but did "not order the defective door fixed" and declined "to compensate plaintiff for [his] injury." Am. Compl. ¶ 14, ECF No. 8. Insofar as Gerholt alleged a Due Process violation arising out of the handling of his grievance, the District Court correctly recognized that prisoners do not have a constitutional right to prison grievance procedures. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam). Further, to state a claim under § 1983, a plaintiff must allege that the defendant had "personal involvement in the alleged wrongs," which can be shown through particularized "allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). While Gerholt conclusively alleged that Steffenio had "personal knowledge and involvement with the entire incident," he did not allege particularized facts demonstrating Steffenio's involvement in the conditions giving rise to Gerholt's injury or in his medical treatment. See Am. Compl. ¶ 14, ECF No. 8. The act

5

of merely responding to or reviewing a grievance does not rise to the level of personal involvement required to state an Eighth Amendment deliberate indifference claim. Cf. Dellarciprete, 845 F.2d at 1208.

Gerholt similarly failed to state a claim against the SCI-Phoenix Medical Department because a prison medical department is not a "person" that can be sued under § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam). Gerholt did not name any individual medical providers as defendants in his amended complaint. The District Court was therefore correct to dismiss this claim.[3]

The District Court also correctly dismissed Gerholt's remaining Eighth Amendment claims. As the District Court recognized, an Eighth Amendment conditions of confinement claim includes a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Specifically, a plaintiff must allege prison officials exhibited subjective "deliberate indifference" to an objectively "substantial risk of serious harm." Id. Regarding the subjective component, a prison official acts with deliberate indifference where he "knows of and disregards an excessive risk to inmate health or

---

[3] Gerholt argues that the District Court incorrectly dismissed his Eighth Amendment claim against WellPath and contends that WellPath was deliberately indifferent to his serious medical needs by failing to provide "a more aggressive method of emergency care." See Resp. at 2-3, ECF No. 9. As noted, however, the District Court afforded Gerholt leave to amend his claim against WellPath, but Gerholt did not do so. We have noted that "parties voluntarily dropped from an amended complaint do not remain in the case," and that claims against such defendants "may not be challenged on appeal." Palakovic v. Wetzel, 854 F.3d 209, 221 n.13 (3d Cir. 2017). Therefore, we will not consider Gerholt's claim against WellPath on appeal.

6

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Gerholt's complaint includes conclusory allegations that the individual defendants—largely due to their supervisory roles—knew or should have known of the risks posed by the facility doors yet failed to guard against Gerholt's injury. For example, Gerholt alleged that Wetzel placed him "in a facility he knew or should have known was not fully inspected to prevent any pervasive risk situation of injury to plaintiff"; that Thomas "knew or should have know[n]," as the person responsible for facility maintenance, that cautionary tags indicating pinch points were required; and that St. Vincent had a duty to ensure facility doors did not open or close prematurely. Am. Compl. ¶¶ 11, 15-18, ECF No. 8. Gerholt also alleged, inter alia, that all defendants knew "they had problematic doors" yet failed to "guard against accidents." Id. at ¶ 24. The amended complaint, however, does not contain sufficient factual matter from which the Court may conclude that defendants were aware that the allegedly defective doors could expose Gerholt to "an excessive risk" of harm and consciously disregarded that risk. See Farmer, 511 U.S. at 837. As the District Court recognized, Gerholt at most alleged negligence on the part of the individual defendants, which is insufficient to state a deliberate indifference claim. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Because we find that Gerholt failed to plausibly allege deliberate indifference, we need

7

not address the objective prong, and we agree with the District Court's conclusion that Gerholt failed to state an Eighth Amendment claim against the individual defendants.[4]

As noted, the District Court afforded Gerholt the opportunity to cure the defects in his original complaint and provided guidance on how to do so. Further, the District Court analyzed the sufficiency of the amended complaint's allegations against the individual defendants despite having already dismissed those claims with prejudice, essentially providing Gerholt with a second opportunity to state claims against those defendants. Given that Gerholt failed to correct the original complaint's deficiencies in his amended complaint, the District Court did not err in dismissing the action without further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).[5]

IV.

For substantially the same reasons as the District Court and because this appeal does not present a substantial question, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[4] To the extent that Gerholt challenges the earlier dismissal with prejudice of his claims against defendants Orlando and Soben for their handling of his grievance and against Soben for his alleged knowledge of the existence of the pinch point that injured Gerholt, we see no error in the District Court's decision for substantially the same reasons described herein and articulated in the District Court's August 31, 2020 opinion.

[5] In his response to the Court's order listing his appeal for possible dismissal or summary action, Gerholt raises a host of new allegations pertaining to conditions within SCI-Phoenix, many of which are unrelated to those in the amended complaint. Resp. at 3-4, ECF No. 9. We decline to address these new allegations for the first time on appeal. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021).