**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1506
_____

NOEL BROWN,
                          Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, Wayne County; SHARON PALMER,
TPR, of Honesdale Barracks; MICHAEL BROWN, TPR, of Honesdale Barracks;
MICHAEL JEZERCAK, CPL, of Honesdale Barracks; WAYNE COUNTY SHERIFF
DEPARTMENT; SGT.  KREMPASKY, of Wayne County Sheriff's Department;
WAYNE COUNTY PUBLIC DEFENDER'S OFFICE; WAYNE COUNTY DISTRICT
ATTORNEY'S OFFICE; WAYNE COUNTY CORRECTIONAL FACILITY; KEVIN
BISHOP, Warden, WCCF; LT.  RIVARDO, WCCF; MONROE COUNTY; TPR TOM
O'BRIEN, of Swiftwater Barracks; DIEHL, TPR, of Swiftwater Barracks;
PENNSYLVANIA STATE POLICE, Honesdale Barracks, Swiftwater Barracks, Fern
Ridge Barracks; PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
BRODHEADSVILLE POST OFFICE, Monroe County, PA; CAMP HILL SCI; DAYS
INN, Tannersville Hotel; CAMILO JACER, Days Inn Hotel Manager
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:18-cv-00155)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2023
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 11, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant Noel Brown appeals from the District Court's dismissal of his amended complaint. For the reasons provided below, we will affirm.

I.

In January 2018, Brown brought suit pursuant to 42 U.S.C. § 1983 and various state laws against twenty-three named defendants, including two Pennsylvania counties, several county sub-units, several Pennsylvania police barracks, a post office, two state correctional facilities, and several individuals.[1] On the motions of several defendants, and after screening under 28 U.S.C. § 1915A, the District Court dismissed the complaint without prejudice to amendment. In doing so, the District Court adopted a Magistrate Judge's thorough Report and Recommendation ("R&R") that identified the deficiencies that could be corrected. In February 2020, Brown filed an amended complaint, under § 1983 and state law against the same defendants. The complaint again related to the following events: Brown's May 2015 arrest; his June 2016 arrest and subsequent court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] This suit was initially filed in the United States District Court for the Eastern District of Pennsylvania and later transferred to the Middle District of Pennsylvania. See Dkt No. 3.

proceedings; and his 2016 pretrial detention and subsequent incarceration.[2]  Based on these events, Brown claimed, inter alia, illegal search, false arrest, excessive use of force, Monell liability, a Miranda violation, defamation, and kidnapping.

Several defendants again moved to dismiss the amended complaint.[3]  In August 2020, the Magistrate Judge recommend granting the motion to dismiss.  Dkt No. 87.  In a second R&R, the Magistrate Judge recommended that the claims against the remaining defendants be dismissed pursuant to 28 U.S.C. § 1915A.  Dkt No. 88.  On March 15, 2021, the District Court entered an order adopting the Magistrate Judge's R&Rs in their entirety and dismissed all claims against all defendants.  Dkt No. 94.  Brown thereafter filed a motion to set aside the judgment and a motion to reinstate the case, which were denied by the District Court.  Brown appeals.  Dkt No. 102.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We apply the same de novo standard of review to the grant of a motion to dismiss and to a sua sponte

---

[2] As a result of his 2016 arrest, Brown was convicted and sentenced, in February 2017, to 180 to 384 months' incarceration.  See Commonwealth v. Brown, No. CP-64-CR-0000258-2016 (Pa. Ct. of Com. Pl. 2016).

[3] This group of defendants, collectively referred to as the "Wayne Defendants," is comprised on the following defendants:  Wayne County, Wayne County Sheriff's Department, Sergeant Patricia Krempasky, Wayne County District Attorney's Office, Wayne County Public Defender's Office, Wayne County Correctional Facility, Warden Kevin Bishop, and Lieutenant Justin Rivardo.

3

dismissal of a complaint under 28 U.S.C. § 1915A. Dooley v. Wetzel, 957 F.3d 366, 373–74 (3d Cir. 2020); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

III.

On appeal, Brown raises only four issues.[4] First, Brown appears to challenge the District Court's resolution of his claims under Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Contrary to Brown's contentions, the District Court properly dismissed Brown's claims against Wayne and Monroe counties because he failed to identify any policy, practice, or custom that was the cause of his alleged injuries. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003). Likewise, to the extent Brown bases his claims on the acts of the counties' officials, the District Court correctly dismissed these claims since liability under § 1983 cannot be based on a respondeat superior theory. See Monell, 436 U.S. at 693.

To the extent Brown's argument also concerns the dismissal of his claims against P.S.P. Honesdale Barracks; Wayne County Sheriff's Department; Wayne County Public Defender's Office; Wayne County District Attorney's Office; Wayne County

---

[4] Brown's remaining claims are forfeited on appeal as they were not raised in his opening brief. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020); see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (refusing to "consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"). Although we construe pro se filings liberally, this policy has not prevented us from applying the forfeiture doctrine to pro se appeals. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Correctional Facility; P.S.P. Swiftwater Barracks; P.S.P. Fern Ridge Barracks; Pennsylvania Department of Corrections; and State Correctional Institution, Camp Hill, these defendants are not "persons" within the meaning of § 1983 and were properly dismissed on that basis. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state agency and prison administers are not persons under § 1983); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam).

Second, Brown challenges the District Court's resolution of his Fourth Amendment claims against Defendants Palmer, Brown, Jezercak, and Yeager, asserted on behalf of his company, Kings Realty Mgmt., LLC. As the District Court properly concluded, Brown cannot properly assert such claims since corporations, such as his, cannot proceed in an action in federal court without being represented by counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993).

Third, Brown appears to raise a religious freedom claim on appeal. Though not entirely clear, Brown's claim may be connected to the purported issues with respect to his vegan meal trays. We conclude that the District Court correctly dismissed the related claims. As mentioned above, to the extent Brown asserts these claims against Wayne County Correctional Facility, they were properly dismissed because this defendant is not a "person" within the meaning of § 1983. See Will, 491 U.S. at 71; Fischer, 474 F.2d at 992. To the extent, however, that Brown intended to raise a religious freedom claim on

5

appeal, we do not consider it, as it was not raised first in the District Court. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010).

In his fourth argument, Brown appears to argue that he sufficiently alleged a violation under § 1983 based on supervisory liability. His brief, however, devotes merely a paragraph to this issue, fails to identify the defendants in question, and includes no substantive argument apart from the legal standard and a conclusory statement that he has properly stated a claim for relief. Appellant's Brief, at 7; see also Reply Brief (failing to mention supervisory liability). That "passing reference" does "not suffice to bring th[is] issue before this court." Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) (quoting Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991)).

IV.

Accordingly, we will affirm the judgment of the District Court.[5]

---

[5] Brown's motion to strike the Appellees' brief is denied.