ALD-223                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2187
_____

PATRICK NICHOLAS,
                                    Appellant

v.

SCI SMITHFIELD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-01769)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed September 30, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Patrick Nicholas, a state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's dismissal of his civil rights complaint. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

In October 2024, Nicholas filed a 42 U.S.C. § 1983 civil rights complaint against SCI-Smithfield, Nurse Tammy Giola of SCI-Dallas, and Dr. Prince, also of SCI-Dallas. Nicholas then filed an amended complaint in December 2024. The District Court screened the complaint under 28 U.S.C. § 1915, determined that the complaint contained allegations against only SCI-Smithfield, and dismissed the complaint on the ground that SCI-Smith is not a "person" under § 1983. The Court entered its dismissal without prejudice and invited Nicholas to file a second amended complaint.

Nicholas proceeded to file a second amended complaint, but listed SCI-Smithfield as the sole defendant. As in his prior complaints, he alleged that drinking the prison's sink water caused him to urinate blood. On June 10, 2025, the District Court dismissed the complaint with prejudice for failure to state a claim upon which relief can be granted, because neither a prison nor a department within a prison is a person subject to suit under 42 U.S.C. § 1983. Nicholas timely appealed.

2

II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Nicholas's complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). A dismissal for failing to state a claim is proper when "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009).

III.

The District Court properly dismissed Nicholas's second amended complaint for failure to state a claim. SCI-Smithfield, the sole defendant, is entitled to Eleventh Amendment immunity, see Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020); Lavia v. Pa., Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000), and is not a "person" amenable to suit under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam) (holding that the New Jersey Prison Medical Department was an

3

agency of the state and thus not a "person" under § 1983). Moreover, since "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them," <u>Krantz v. Prudential Invs. Fund Mgmt. LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam), the District Court did not err in denying further amendment.

Accordingly, we will summarily affirm the judgment of the District Court.[1]

---

[1] Appellant Nicholas has also submitted a motion requesting that SCI-Smithfield produce discovery documents related to his complaint. The motion to produce documents is denied.